IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J. MARK JONES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-1383-L** |
| | § | |
| **CVS PHARMACY, INC**., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendant's Motion for Summary Judgment, filed March 6, 2009.  After careful consideration of the motion, briefs, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment.

## I.    Factual and Procedural Background

Plaintiff J. Mark Jones ("Plaintiff" or "Jones") filed suit against his employer, CVS Pharmacy, Inc. ("Defendant" or "CVS"), in the 382nd Judicial District Court of Rockwall County, Texas, on July 11, 2007.  CVS removed the case to this court on August 10, 2007.  Jones alleges various causes of action, including sex discrimination, sexual orientation discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); and age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq*. ("ADEA").  Plaintiff sought leave to amend his complaint, which he was granted, and he filed his First Amended Original Complaint (hereinafter, "Complaint") on January 11, 2008.

The court dismissed Plaintiff's claims of sex discrimination and sexual orientation discrimination on August 14, 2008.  The court also struck paragraphs 5.1 through 5.23 of the Complaint because they included immaterial information that might cause prejudice to Defendant. Plaintiff was proceeding *pro se* when he filed his original petition and the Complaint; while he has retained counsel, Jones never again sought leave to amend the Complaint.

The court, applying the summary judgment standard, sets forth the undisputed facts of this case.  Jones was employed by CVS as a pharmacist from October 28, 2003, until November 28, 2006.  He worked as a Pharmacist in Charge ("PIC") from October 28, 2003, until approximately July 1, 2006.  Plaintiff contends that he was sexually harassed by another CVS employee, Diana Young ("Young"), on April 30, 2005.  He reported this harassment and requested a transfer on May 23, 2005.  Darrin Rivault ("Rivault") became Plaintiff's district pharmacy supervisor on May 25, 2005.  In January 2006, Liza Luciano ("Luciano") became Plaintiff's district manager.

Luciano and Rivault wrote up Plaintiff on February 8, 2006, alleging that he had worked thirty-six hours consecutively twice in one week.  After this discipline, CVS required that Jones not work back-to-back shifts, that he obtain manager approval before working extra shifts, and that he not work more than sixty-eight hours in a workweek.  On March 8, 2006, Plaintiff sent a letter to CVS about Rivault.

On May 5, 2006, Luciano and Rivault wrote up Jones for failing to complete the Texas Control Substance Inventory on time.  They issued a final written warning to Jones on June 2, 2006, for his failure to notify his supervisor before working consecutive shifts.  At this time, Defendant warned Plaintiff that his employment would be terminated if his performance did not improve.  On June 12, 2006, CVS suspended Jones with pay pending the results of an investigation regarding an

altercation between him and a customer.  Plaintiff filed another letter with CVS on June 14, 2006,

complaining about his treatment by Rivault and Luciano.  He sent another letter to Defendant on

June 29, 2006.

After Plaintiff's suspension on June 12, 2006, he began working as a Staff Pharmacist Floater

and was supervised by Merlyn Monteiro ("Monteiro"), CVS district pharmacy supervisor.  On

November 18, 2006, Monteiro suspended Jones for the following week.  Plaintiff sent a letter and

e-mail to Defendant regarding the suspension on November 20, 2006.  Two days later, Jones met

with Monteiro and Tony Van Valkenburg ("Van Valkenburg"), regarding the prescription filling

verification process and complaints made by several employees that he failed to follow required

steps.  Monteiro terminated Plaintiff's employment in November 2006.

## II.    Legal Standard – Motion for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v.

Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact

is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the

nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a

motion for summary judgment, the court is required to view all facts and inferences in the light most

favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**Memorandum Opinion and Order – Page 4**

III.    **Analysis**

Defendant moves to dismiss all of the claims set forth in Plaintiff's Complaint, including his claims of age discrimination, retaliation, intentional infliction of emotional distress, defamation, defamation *per se*, breach of covenant of good faith and fair dealing, negligence, gross negligence, and fraud/constructive fraud.  In his response, Plaintiff responds only to Defendant's arguments regarding his retaliation claim.  The court determines that, because Plaintiff failed to respond to Defendant's motion on every claim except his retaliation claim, he has abandoned these additional claims and they are no longer before the court.  *Skotak*, 953 F.2d at 915-16.  Accordingly, the only remaining claim for the court to consider is Plaintiff's retaliation claim.

A.    **Legal Standard – Retaliation**

It is "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII, or "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII.  42 U.S.C. § 2000e-3(a); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001).  Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 (5th Cir. 1996).

To establish a *prima facie* case of retaliation in this circuit, a plaintiff must show that: (1) he engaged in a protected activity; (2) he experienced an adverse employment action following the protected activity; and (3) a causal link existed between the protected activity and the adverse employment action.  *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (footnote

and citation omitted); *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001)*; Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001). The establishment of a *prima facie* case gives rise to an inference of retaliation. *Montemayor,* 276 F.3d at 692. This inference, in turn, shifts the burden of proof to the defendant, who must then articulate a legitimate, nondiscriminatory or nonretaliatory reason for the challenged employment action. *McCoy*, 492 F.3d at 557. Once a defendant asserts such a reason, the inference of discrimination or retaliation raised by the *prima facie* showing drops from the case. *Montemayor,* 276 F.3d at 692. At this point, summary judgment is appropriate unless the plaintiff can prove that the defendant's rationale is pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-03 (1973).

In *Burlington Northern & Santa Fe Railway Co. v. White*, the Supreme Court held that, because the discrimination and retaliation provisions of Title VII have different statutory language and different purposes, "the anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." 548 U.S. 53, 64 (2006). Consistent with this view, the Court held that a plaintiff claiming retaliation under Title VII must show that a reasonable employee would have found the alleged retaliatory action "materially adverse" in that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68 (quotation marks and citation omitted). In so ruling, the Court rejected Fifth Circuit authority, *id.* at 67, which defined adverse employment actions as "ultimate employment decisions" and limited actionable retaliatory conduct to acts "such as hiring, granting leave, discharging, promoting, and compensating." *Id.* at 61 (quoting *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)). In evaluating whether actions are materially adverse, the Court went on to hold that "petty slights, minor annoyances, and simple lack of good manners will

not" deter or dissuade a reasonable employee from making or supporting a charge of discrimination, and therefore they do not constitute conduct that is "materially adverse." *Id.* at 68.

### B.     Alleged Retaliation

Plaintiff alleges many facts in his Complaint, and Defendant argues that many of the alleged retaliatory acts are not protected activities because he did not oppose any discriminatory practice or make a charge pursuant to Title VII.  Defendant also contends that many of the retaliatory acts of which Jones complains are not adverse employment actions.  Finally, CVS argues that the remaining retaliatory acts were legitimate and there is no causal connection between any protected activity and any adverse employment action.

### 1.     Protected Activity

Defendant argues that many of the instances of alleged protected activity by Plaintiff are not protected activity because Jones did not oppose any unlawful employment practice or make a charge pursuant to Title VII.  Jones does not specifically respond to this argument, but does set forth the various complaints he made while working at CVS.

Plaintiff alleges several different instances of protected activity, and they can be grouped by time period and subject.  He alleges the following protected activity:  complaints regarding sexual harassment by Young in May and June 2005; complaints about Rivault and Luciano between February and June 2006; and complaints about his suspension in November 2006.  The court has carefully considered the parties' arguments, evidence, and the applicable law, and now considers these groups of complaints to determine if they are protected activity as a matter of law.

Plaintiff alleges that he made several complaints about sexual harassment by Young in May and June 2005.  The court has reviewed these complaints, which include letters sent to Evelyn

Seaman, of CVS human resources, and an affidavit signed by Jones.  The court determines that these complaints fall within the category of "protected activity" under Title VII.  Given that Plaintiff's complaints were about another employee sexually harassing him, these complaints oppose an unlawful employment practice.

Next, Plaintiff made several complaints about Rivault and Luciano between February and June 2006.  Although these complaints use the words "retaliation," and "harassment," there is no reference to any unlawful employment practice under Title VII.  Plaintiff generally complains about his inability to take sick days, Defendant's failure to pay him for sick time, and he alleges that Rivault is "mean spirited, petty and very vindictive."  Nothing in these complaints refers to his previous complaints about Young or makes any reference to any discriminatory employment practice.  Accordingly, the court determines that these complaints are not protected activity under Title VII because Plaintiff is generally complaining about his work conditions and treatment by coworkers; there is no allegation or reference to any unlawful employment practice or any allegation that his treatment is linked to earlier protected activity.

Finally, the court considers Plaintiff's complaints about his November 2006 suspension. Jones wrote several letters to CVS regarding this suspension and filed a formal complaint against Tammy Groves, a PIC, and Rusty Appleberry, district pharmacy supervisor.  The court has reviewed these written complaints and determines that they are not protected activity pursuant to Title VII. As with Plaintiff's complaints against Rivault and Luciano, these complaints do not allege any unlawful employment practice, but contest the factual circumstances that led to Jones's suspension. There is no mention of any unlawful employment practice or discrimination, and there is no reference or allegation that this suspension was linked to Plaintiff's complaints about Young.  While

Jones again uses the words "retaliation" and "harassment," there is simply nothing in these complaints that demonstrates that he opposed an unlawful employment practice or made a charge under Title VII.  Accordingly, these do not meet the legal standard for protected activity under Title VII.

### 2.     Adverse Employment Actions

Next, the court considers whether the allegedly retaliatory acts of which Plaintiff complains are adverse employment actions as a matter of law.  In his response to the motion for summary judgment, Plaintiff identifies the following actions:  retaliating against him when he refused to fill fraudulent prescriptions; requiring him to get prior approval to work extra shifts and cutting his staff; denying him sick and vacation pay; writing him up for working too many hours and suspending him as PIC in June 2006; demoting him to floater pharmacist; and terminating his employment in November 2006.  Under the liberal standard set forth in *Burlington*, the court determines that any of these actions might dissuade a reasonable employee from making or supporting a charge of discrimination.  Accordingly, the court moves to the third prong of the *prima facie* test for a retaliation claim and considers whether there is a causal connection between any of these actions and any protected activity.

### 3.     Causal Connection

Defendant argues that even if Plaintiff has shown that he engaged in protected activity and that he suffered an adverse employment action, he cannot show any causal connection between the two.  Plaintiff's subjective belief is insufficient to demonstrate a causal link between his protected activity and the adverse employment action.  *See, e.g.*, *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000) (holding that discrimination cannot be shown simply by plaintiff's "own

subjective belief that [defendant] discriminated against him"). Likewise, Plaintiff's reliance on the proximity of his complaint to an adverse employment action in this case does not carry the day on the retaliation claim:

> Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation. However, once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive.

*Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir.), *cert. denied*, 522 U.S. 948 (1997).

First, Plaintiff complains that he was retaliated against when he refused to fill fraudulent prescriptions. He alleges that when he refused to fill fraudulent prescriptions, he was reprimanded for this failure. The court determines that these alleged retaliatory acts do not rise to the level of impermissible retaliation. Plaintiff identifies no protected activity that caused retaliation; he states that he was reprimanded for refusing to fill certain prescriptions, not for opposing an unlawful employment practice or bringing a charge pursuant to Title VII. Jones states in his affidavit filed with his motion for summary judgment that Rivault had made sexual advances towards him and had harassed him, and he makes this same argument in his complaint and in his response to the motion for summary judgment. After a careful review of the written complaints, however, the court determines that there is nothing in the written complaints that were sent to CVS at the time that allude to or allege any unlawful employment practice under Title VII. Accordingly, there is no causal connection between this action and any protected activity, and there is no allegation or

evidence that these reprimands were related to Plaintiff's complaints about sexual harassment by Young.

Next, Plaintiff contends that he was retaliated against because CVS required that he receive prior approval to work extra shifts. Plaintiff's own affidavit, however, belies any link between this employment action and any protected activity. He states: "After the second incident when I refused to give out controlled substances just to avoid any complaints, my supervisors began more discrimination and retaliation. I was told that I had to have prior approval before I would be allowed to work extra shifts." Def.'s App. 3 ¶ 12. There is no evidence that there is any connection between Plaintiff's protected activity regarding Young's sexual harassment and the decision to make Plaintiff seek approval before taking extra shifts. Even if Plaintiff was treated differently or unfairly by his employer, because there is no link to any protected activity, it is not actionable under Title VII. Moreover, the court determines that CVS had a legitimate reason for limiting Jones's ability to work extra shifts, ensuring that their employee was not overworked or overtired while filling customers' prescriptions and that Jones has failed to present any evidence that this reason is pretextual.

Jones also complains that he was retaliated against because CVS failed to pay him sick and vacation pay. As with the requirement that Plaintiff receive approval to work extra shifts, he explicitly links this failure to pay sick and vacation pay to the issue regarding fraudulent prescriptions. Jones includes this complaint in the paragraph of his affidavit that describes CVS's response to his failure to fill such fraudulent prescriptions; his other written complaint is in an e-mail that complains about Rivault but does not include any statement of opposition to an unlawful employment practice or charge under Title VII. There is no evidence that shows any connection between the remaining protected activity, Jones's complaints about Young, and any decision to deny

him sick and vacation pay.  Accordingly, there is no causal link between any protected activity and CVS's alleged denial of sick and vacation pay to Jones.

Next, Jones contends that he was retaliated against when CVS suspended him as PIC on June 12, 2006, and demoted him to floater pharmacist.  CVS argues that this suspension allowed it time to investigate an altercation between Plaintiff and a customer and take appropriate action.  Plaintiff's own affidavit does not include any link between this suspension and any protected activity; Jones admits that he was suspended "pending the investigation into the incident."  Def.'s App. 5 ¶ 20. There is no evidence of any link between this suspension and Plaintiff's complaints about Young. CVS has presented a legitimate reason for the suspension, and there is no evidence that implies that retaliation, as actionable under Title VII, was the moving force behind the decision to suspend him. Accordingly, there is no causal link between any protected activity and Plaintiff's June 12, 2006 suspension.  Moreover, the evidence establishes that Plaintiff requested the transfer to the floater position on June 20, 2006.  Even though Plaintiff describes these events as "retaliation," "harassment," or "discrimination," there is no evidence that links these decisions to his protected activity, complaining about Young one year before.

Finally, Jones argues that the termination of his employment was retaliation by Defendant pursuant to Title VII.  He contends that although Defendant has articulated a nondiscriminatory reason for firing him – failure to follow proper procedures in filling prescriptions – it is "obviously a pre-text for discrimination."  Pl.'s Resp. 27.  Monteiro, Jones's supervisor at the time of his termination, had received complaints from other pharmacists that he was not following CVS's procedures for filling prescriptions.  The summary judgment evidence includes eight written statements from coworkers supporting these complaints.  Accordingly, the court finds that CVS had

a legitimate, nondiscriminatory or nonretaliatory reason for terminating Jones.  There is no evidence put forth by Plaintiff to support his charge of pretext, except for the subjective statements in his affidavit.   Plaintiff's subjective belief alone is not enough to establish causation between the protected activity and the adverse employment action.  *Byers*, 209 F.3d at 427; *see also Travis v. Board of Regents of the Univ. of Texas Sys.*, 122 F.3d 259, 266 (5th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (holding that the plaintiff's assertion of retaliation "is merely her own subjective belief, which is insufficient to create a jury question").  Plaintiff attempts to argue that his coworkers lack credibility and the court should reject their statements, but such argument is not proper because the court does not make credibility determinations in ruling on a motion for summary judgment.  There is no evidence – other than Jones's subjective belief – that his termination was linked in any way to any protected activity or his complaints about Young nearly eighteen months before.  For this reason, the court concludes that there is no causal connection between any protected activity and Jones's termination.  Accordingly, Plaintiff has failed to show that any genuine issue of material fact exists with respect to his retaliation claim, and Defendant is therefore entitled to judgment as a matter of law on this claim.  As this is his only remaining claim, the court **grants** Defendant's Motion for Summary Judgment.

## IV.     Conclusion

For the reasons stated herein, the court determines that no genuine issue of material fact exists regarding any of Plaintiff's claims.  Accordingly, the court **grants** Defendant's Motion for Summary Judgment.  The court **dismisses** this action **with prejudice**.

**Memorandum Opinion and Order – Page 13**

**It is so ordered** this 2nd day of July, 2009.

Sam A. Lindsay
United States District Judge